[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motions for Summary Judgment
These three cases address the responsibility for a fire that caused extensive property damage on Main Street in Ansonia on October 20, 1998. Pending before the court are five motions for summary judgment.
 I
Defendant Custom Air Systems, Inc. moves for summary judgment in all three cases. The court first addresses its motion for summary judgment inValley Electric (#184) on the fifth and sixth counts of the complaint, which are the only two counts in which it is named. According to the undisputed portion of the complaint, the plaintiffs include Nancy and Frank Capasso, as trustees for Ralph Capasso, and a family partnership named NFR realty, all of whom owned and were the landlords for a building at 218-20 Main Street that was damaged by the fire. The remaining plaintiff is Valley Electric Supply Company, Inc., which occupied the basement and the second and third floors of the building. The Capassos were principals in Valley Electric.
The plaintiffs also allege, without dispute, that they leased a portion of the building to defendant Valley Insurance Center, Inc. through January 1, 1998, and then to defendant Sinclair Insurance Group, Inc. through the time of the fire. The lease provided that Valley Insurance was responsible for inspection and repair of the heating and air conditioning systems. The plaintiffs allege that Valley Insurance contracted with defendant Custom Air in June, 1995 to perform maintenance of the heating and air conditioning unit in the basement of the building.[1] Custom Air admits the allegation that, in June 1995, it notified Valley Insurance on a job cost record of the "need to get in touch with landlord about replacing in-line unit heating, heat exchanger cells crack. . . ." CT Page 16530
In the fifth count of the complaint, the plaintiffs claim that Custom Air was negligent in failing to notify the plaintiffs of this defect in the heating unit. Although the plaintiffs fail to allege the direct cause of the fire, they do allege that, as a result of Custom Air's negligence, a fire destroyed the building on October 20, 1998. In the sixth count, the plaintiffs allege that Custom Air's failure to notify the plaintiffs constituted a breach of Custom Air's service contract, to which the plaintiffs were a third party beneficiary.
Custom Air moves for summary judgment on the negligence count on the ground that it is barred by the statute of limitations. The applicable statute of limitations allows for suit within two years of plaintiffs discovery of the negligence but in no event no more than three years after the negligence. General Statutes § 52-584. The plaintiff filed this suit in approximately September 2000, which is more than three years from Custom Air's alleged negligence in discovering the defect in the heating unit and omitting to notify the landlord. Thus, at first glance, the statute of limitations bars this suit.
The plaintiffs contend, however, that Custom Air had a continuing duty to disclose the heating unit defect to them, which would toll the limitations period until the plaintiffs' discovery of the alleged negligence on or after the October, 1998 fire and make the claims against Custom Air timely filed. See Sherwood v. Danbury Hospital, 252 Conn. 193,202-03, 746 A.2d 730 (2000). Custom Air's response is that it had no duty, either initially or thereafter, to disclose information to the plaintiffs about the heating system.
Ordinarily, the determination of whether a duty exists is a question of law. See LaFlamme v. Dallessio, 261 Conn. 247, 251, 802 A.2d 63 (2002). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act."Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). "Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . ." (Internal quotation marks omitted.) Perodeau v. City of Hartford, 259 Conn. 729,756, 792 A.2d 752 (2002).
In this case, there is a core of undisputed facts from which the court can decide whether Custom Air had a duty to disclose a defect in the heating system to the landlords. Custom Air has attached the affidavit of CT Page 16531 its president averring that Custom Air had an agreement with defendant Valley Insurance Center, Inc. in 1995 and 1996 to repair the air conditioning unit servicing 218 Main Street. The affidavit adds that Custom Air had no agreement to repair the building's heating unit during this time period or thereafter. Although the plaintiffs supply an affidavit that alleges that the air conditioning and heating units were "connected together in a series . . . through a piece of duct approximately 18 inches long," they have supplied no admissible evidence to establish that Custom Air had a contract to repair the heating unit during this time or that Custom Air had any direct agreement with any of the plaintiffs to do anything.[2]
Applying the standards stated above for determining the existence of a duty, the court observes that there are no relevant statutes and that the applicable contract is between Custom Air and Valley Insurance, not the plaintiffs, to service the air conditioning unit, not the heating unit. The only other basis for finding a duty to the plaintiffs, according to the case law, is the general claim that Custom Air should have anticipated a fire from its discovery of a defect in the heating system.Coburn v. Lenox Homes, Inc., supra, 186 Conn. 375. Even if this point were true, it is fair to say that, at most, Custom Air's duty was to disclose this defect to Valley Insurance rather than the plaintiffs. It was then the duty of Valley Insurance, given its obligation in the lease to inspect and repair the air and heating systems, to report any defect of which it had learned to the landlords. The plaintiffs' claim would impose new duties of disclosure on the defendant, rather than merely extend the reach of its existing duties to additional victims. Cf. Gazov. City of Stamford, 255 Conn. 245, 254, 765 A.2d 505 (2001) (snow removal contractor is liable to pedestrian because the contractor has "always . . . had a duty to perform [its] work in a nonnegligent manner. . . ."). While looking at the case with perfect hindsight it appears that Custom Air's disclosure to the landlord of the heating system defect might have proved important,[3] the court cannot say that, at the time, the law should have expected Custom Air to have done anything more than report the defect to Valley Insurance, with whom it had a direct business relationship, and expect Valley Insurance to follow its advice to notify the landlord.[4] Accordingly, Custom Air had no duty as a matter of law to notify the landlords of any defect in the heating system.
From the decision that Custom Air had no duty to notify the landlords in the first place it readily follows that Custom Air had no continuing duty that could toll the statute of limitations. Accordingly, the statute of limitations bars the plaintiffs' negligence claim against Custom Air. CT Page 16532
With regard to the sixth count, the test governing whether a person has a right of action as a third party beneficiary is "whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party. . . ." (Internal quotation marks omitted.)Gazo v. City of Stamford, supra, 255 Conn. 261. "[T]hat intent is to be determined from the terms of the contract read in light of the circumstances attending its making, including the motives and purposes of the parties. . . . [B]oth contracting parties must intend to confer enforceable rights in a third party. . . ." (Internal quotation marks omitted.) Id. The preventive maintenance agreement between Custom Air and Valley Insurance, see note 2 supra, makes no mention of or even indirect reference to any of the plaintiffs. There is no evidence from which to infer that Custom Air intended to confer rights on any of the plaintiffs to enforce Custom Air's agreement with Valley Insurance. Therefore, the plaintiffs were not third party beneficiaries of that agreement.[5]
Accordingly, the court grants the motion of Custom Air for summary judgment in Valley Electric.
 II
In Hanover Insurance, the plaintiff insurance company has filed a subrogation action alleging that the fire at 218-20 Main Street caused damage to property located at 202-10 Main Street and owned by its insured, Michael Valenti. The plaintiff names as defendants the Capassos, Valley Electric, and several other parties. The Capassos and Valley Electric have in turn cross claimed against Custom Air and others for indenmification. Custom Air moves for summary judgment (#183).
The third party plaintiffs allege in count five of the cross complaint that Custom Air must indemnify them based on its active or primary negligence. See Skuzinski v. Bouchard Fuels, 240 Conn. 694, 697,694 A.2d 788 (1997). Although an independent legal relationship or duty is no longer necessary to prove indemnification under this theory, id., 698-702, a third party plaintiff must still prove, among other things, that the third party defendant was in "exclusive control . . . over the dangerous condition that gives rise to the accident." Id., 706.[6] In this case, the third party plaintiffs have not even alleged what caused the fire to 202-10 Main Street. Further, even assuming that the heating unit at 218-20 Main Street caused the fire at 202-10 Main Street, the undisputed evidence, discussed above, demonstrates that Custom Air did not have exclusive control over the heating unit. See id., 705-06. Thus, Custom Air is entitled to summary judgment on count five.
In count six, the third party plaintiffs allege that Custom Air's CT Page 16533 failure to notify them concerning the defective heating unit constituted a breach of contract with Valley Insurance, of which the third party plaintiffs were third party beneficiaries. This claim, although made in the context of a cross complaint, is identical to that made directly by the plaintiffs in Valley Electric. Here, as in Valley Electric, Custom Air is entitled to judgment on this claim. Accordingly, the court grants Custom Air's motion for summary judgment on both counts in this case.
 III
In Travelers Property, plaintiff Travelers Property Casualty has filed a subrogation action as a result of its payment of insurance benefits to Michael and Audrey Racanielo, whose property at 206 Main Street in Ansonia was also damaged by the fire. In the fifth count of the complaint, Travelers Property has sued Custom Air, Inc. for negligence, alleging that Custom Air negligently failed to inform Valley Electric of a need to replace the in-line heater. Custom Air moves for summary judgment (#142), arguing that the statute of limitations has expired and that it had no duty to Travelers' insureds.
Travelers has failed to file any memorandum in opposition or appear for oral argument. Further, given that Custom Air had no duty to Valley Electric, as discussed above, it surely had no duty to Travelers' insureds, who were even more remotely connected to Custom Air's agreement with Valley Insurance. Accordingly, the court grants Custom Air's motion for summary judgment (#142) in Travelers Property.[7]
 IV
In Valley Electric, defendants Valley Insurance Center, Inc. and Sinclair Insurance Group, Inc. previously moved for summary judgment against plaintiffs Valley Electric Supply Company et al. on the ground that the defendant tenants were implied co-insureds on the plaintiff landlords' liability policy and therefore the landlords had no right of action against the tenants. The court, Lager, J., denied the motion in open court on November 26, 2001. The defendants have filed a supplemental motion for summary judgment (#149), claiming that the Supreme Court's recent decision in DiLullo v. Joseph, 259 Conn. 847, 792 A.2d 819
(2002), confirms that a landlord has no right of action against a tenant for fire damage covered by the landlord's insurer.
The decision in DiLullo, however, does not affect the issues here. The actual holding in DiLullo was that, in a "default situation," in which the parties have not agreed upon the allocation of their risks, "there is no right of subrogation on the part of a landlord's fire insurer against CT Page 16534 a tenant of the landlord's premises." Id., 850-51. The case did not address the question of whether, as here, a landlord can file a direct action against its tenant for negligence and breach of lease. These direct causes of action do not involve the special equitable concerns of a subrogation action by an insurer. See id., 853-54; see also Wasko v.Manella, 74 Conn. App. 32, 35-38, ___ A.2d ___ (2002) (discussing equitable subrogation).
Because the sole basis for the defendants' motion is the DiLullo case, and because the court now determines that DiLullo does not apply here, there is nothing left to the defendants' motion. Judge Lager's decision therefore remains the law of the case. See Webster Bank v. Zak,71 Conn. App. 550, 560, 802 A.2d 916 (2002). The court accordingly denies the defendants' supplemental motion for summary judgment.[8]
 V
Also in Valley Electric, defendants Valley Insurance and Sinclair Insurance have filed a cross complaint against Travelers Property Casualty claiming that Travelers has an obligation to defend and indemnify them in this action. This claim is wholly without merit. There is no dispute that third party plaintiffs Valley Insurance and Sinclair Insurance are not named as insureds on Travelers' policy, which instead insures Valley Electric and the Capassos. Further, in DiLullo, the Supreme Court reaffirmed that "a tenant is not [impliedly] a coinsured on his landlord's fire insurance policy simply because he has an insurable interest in the premises and pays rent." DiLullo, supra, 259 Conn. 853. Finally, even though the DiLullo court also held that a landlord's fire insurer has no right of subrogation against a tenant, there is no support for a tenant to use that holding affirmatively to create a right of action against the insurer to defend and indemnify an entity not named as an insured in the policy. See id. (quoting 6A J. Appleman J. Appleman, Insurance Law and Practice (Cum.Sup. 2001) § 4055, pp. 131-32 n. 86. 10) (the cases "have at least implicitly restricted the co-insurance relationship to one limited solely to the purpose of prohibiting subrogation").
Accordingly, the court grants Travelers's motion for summary judgment (#158) in this case.
 VI
For the reasons stated, the court grants motions for summary judgment #s 158 and 184 in Valley Electric, #183 in Hanover Insurance, and #142 inTravelers Property, and denies motion for summary judgment #149 in ValleyCT Page 16535Electric.
It is so ordered.
 ___________________ Carl J. Schuman Judge, Superior Court